IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HAMPTON | : |
| | : CIVIL ACTION |
| | : |
| v. | : NO. 24-1011 |
| | : |
| PROGRESSIVE INSURANCE | : |
| COMPANY | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                                                                           **May 21, 2024**

A person injured in a car accident caused by someone without sufficient insurance may sue his auto insurer for losses not covered by the other person if he purchased underinsured motorist coverage. And he may be able to recover damages from his insurer if disappointed with the attention his insurer is giving his losses under his underinsured motorist coverage. He may sue for breach of contract. He can also attempt to plead facts demonstrating his insurer's reasons for delay in resolving his claim are frivolous or unfounded. But he needs to plead more than conclusions of bad faith. We today review an insured's conclusory allegations his auto insurer acts in bad faith because it is only offering $1,000 in settlement on a $15,000 insurance policy. This conclusion originally filed in state court does not sufficiently plead liability for insurer bad faith under Pennsylvania law. The insurer now moves to partially dismiss the statutory bad faith and unfair trade practices claims. We grant the insurer's motion to dismiss the bad faith claim without prejudice to timely plead facts allowing us to plausibly infer the insurer's unreasonable unfounded conduct. We also dismiss without prejudice the insured's claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law as uncontested.

## I. Alleged Facts

Robert Hampton purchased up to $15,000 in underinsured motorist coverage from Progressive Insurance Company for losses incurred in 2023.[1] Steven Vicioso caused his car to collide with Robert Hampton's car on March 5, 2023.[2] Mr. Hampton suffered injuries to his right shoulder, neck, back, abdomen, and right hip.[3] He suffered emotionally.[4] He lost wages due to his injuries and expects to continue losing wages in the future.[5] Mr. Vicioso's insurer settled with Mr. Hampton for $15,000.[6] Mr. Hampton claims losses in excess of the $15,000 paid by Mr. Vicioso's insurer.[7]

Mr. Hampton sought underinsured motorist benefits for his losses not covered by Mr. Vicioso's insurance up to the cap of $15,000 on his Progressive underinsured motorist policy.[8] He sent documents to Progressive showing his medical costs from the accident in November 2023.[9] Progressive offered Mr. Hampton $1,000.[10] He concludes Progressive "refused to fairly evaluate [his] underinsured motorist claim" and "refused to make [him] a good faith settlement offer."[11]

Mr. Hampton sued Progressive Insurance Company for breach of contract, statutory bad faith, and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law.[12]

## II. Analysis

Progressive asks we dismiss Mr. Hampton's claims for statutory bad faith and under the Unfair Trade Practices and Consumer Protection Law.[13] Mr. Hampton counters his conclusions adequately pleaded a statutory bad faith claim.[14] He does not object to Progressive's motion to dismiss the Unfair Trade Practices and Consumer Protection claim.[15]

### A. Mr. Hampton does not plead statutory bad faith.

Progressive argues Mr. Hampton does not plead Progressive acted in bad faith under Pennsylvania law.[16] Mr. Hampton disagrees citing his limited allegations. We agree with Progressive but grant Mr. Hampton leave to file an amended Complaint.

The Pennsylvania General Assembly did not define "bad faith."[17] But the Pennsylvania Supreme Court defines bad faith as "any frivolous or unfounded refusal to pay proceeds of a policy[.]"[18] "To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim."[19]

We need specific factual allegations about the insurer's conduct towards the insured.[20] Judges in our District regularly dismiss bad faith claims when the insured pleads barebones, conclusory allegations.[21] Insureds must "describe who, what, where, when, and how the alleged bad faith conduct occurred."[22] Mr. Hampton does not.

Mr. Hampton pleads Progressive misrepresented his policy by failing to make a reasonable offer or payment.[23] He pleads Progressive lacks reasonable justification for its refusal to pay.[24] But Mr. Hampton must plead facts, not conclusions.[25]

We are guided by our Court of Appeals's evaluation of a bad faith claim in *Smith v. State Farm Mutual Automobile Insurance Co.*[26] An insured woman purchased automobile insurance with up to $45,000 of underinsured motorist benefits.[27] Another driver caused an accident and injured the insured. The other driver's insurer covered up to $15,000.[28] The insured filed a claim with her insurance company to recover $45,000 in underinsured motorist coverage.[29] Her insurer offered to settle the claim for $21,000 but she rejected the offer.[30]

She then sued her insurer under Pennsylvania's bad faith law.[31] She alleged the insurer "engaged in unfair settlement negotiations," "misrepresented facts" about her insurance policy, and "failed to properly investigate" her underinsured motorist claim.[32] Judge McLaughlin

3

dismissed her bad faith claim.[33] Our Court of Appeals affirmed Judge McLaughlin's dismissal instructing "the failure to immediately accede to a demand for the policy limit cannot, without more, amount to bad faith."[34]

Mr. Hampton pleads Progressive offered to settle his claim for $1,000.[35] He pleads his medical expenses exceeded the $15,000 paid by Mr. Vicioso's insurer.[36] He pleads his policy included $15,000 underinsured motorist coverage.[37] He alleges Progressive's settlement offer demonstrates bad faith.[38] But he does not plead additional facts. He alleges Progressive failed to offer him a reasonable settlement offer but does not plead facts as to the reasonableness of Progressive's action.[39]

We are also guided by our colleagues' review of bad faith allegations. Judge Marston, for example, dismissed a statutory bad faith claim where the insured did not plead sufficient facts.[40] A driver caused a car accident with an insured man.[41] The insured man recovered some money from the driver's insurance policy, but it did not fully compensate the insured man for his injuries.[42] He sought underinsured motorist benefits from his insurer.[43] The insured provided documentation of his medical injuries and expenses to the insurer.[44] The insurer offered the insured $2,500.[45] The insured alleged the insurer "knew that this sum was inadequate to cover lawfully recoverable medical bills incurred [], let alone any recovery for pain and suffering[.]"[46] The insured sued the insurer for statutory bad faith.[47] Judge Marston dismissed the statutory bad faith claim because the insured pleaded only three factual assertions: the insured submitted documentation of medical expenses, the insurer offered to settle for $2,500, and the insurer never provided the insured with documentation used to calculate the $2,500 offer even though the insured requested it.[48] The insured did not plead "the dates and content of follow up communications between the parties, and the nature of the information provided to [the insurer] for the purpose of processing the claim."[49]

4

Mr. Hampton also pleads he provided documentation of his medical expenses to Progressive.[50] He pleads Progressive offered to settle for $1,000.[51] He does not plead the "dates and content of follow up communications between the parties, and the nature of the information provided to [the insurer] for the purpose of processing the claim."[52]

We are also guided by Judge Caputo's analysis when dismissing a statutory bad faith claim where an insured woman only pleaded the insurer made an unreasonably low settlement offer.[53] The insured provided specific factual evidence to her insurance company about her injuries.[54] The insurance company offered her a $5,000 settlement.[55] She did not plead additional facts but pleaded conclusory statements.[56] She alleged the insurance company acted unreasonably because it offered a low settlement despite the evidence she provided.[57] Judge Caputo found the facially unreasonable settlement offer alone did not plead bad faith.[58]

Mr. Hampton pleads he provided evidence to Progressive.[59] He pleads Progressive offered him $1,000.[60] He concludes Progressive "refused to fairly evaluate [his] underinsured motorist claim" and "refused to make [him] a good faith settlement offer."[61] But Mr. Hampton does not plead facts about Progressive's refusal to evaluate the claim. He does not plead facts showing the unreasonableness of the $1,000 settlement offer.

Mr. Hampton pleads facts allowing us to infer a possible bad faith claim. But the pleaded facts must show "not only that a 'bad faith claim is '*possible*' but '*plausible.*'"[62] Mr. Hampton must plead "who, what, where, when, and how the alleged bad faith conduct occurred."[63] He does not.

B.   **We dismiss the Unfair Trade Practices and Consumer Protection Law Claim.**

Progressive asks we dismiss Mr. Hampton's claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.[64] Mr. Hampton does not oppose the requested relief. We

5

dismiss Mr. Hampton's Pennsylvania Unfair Trade Practices and Consumer Protection Law claim without prejudice as unopposed.[65]

### III. Conclusion

Mr. Hampton does not plead a fact basis for a statutory bad faith claim. We dismiss the bad faith claim without prejudice. We dismiss Mr. Hampton's Unfair Trade Practices and Consumer Protection Law claim without prejudice as unopposed.

---

[1] ECF No. 1-1 ¶¶ 10, 12.

[2] *Id.* ¶¶ 3–5.

[3] *Id.* ¶ 19.

[4] *Id.* ¶ 21.

[5] *Id.* ¶ 22.

[6] *Id.*

[7] *Id.* ¶ 13.

[8] *Id.*

[9] *Id.* ¶ 14.

[10] *Id.* ¶ 17.

[11] *Id.* ¶¶ 15–16.

[12] ECF No. 1-1.

[13] ECF No. 7 ¶¶ 7–9. A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is

6

unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility ... a defendant has acted unlawfully." *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

---

[14] ECF No. 8 ¶ 4.

[15] *Id.* ¶ 9.

[16] *See* 42 Pa. Cons. Stat. § 8371 (1990).

[17] *Id.*; *see Coyne v. Allstate Ins. Co.*, 771 F. Supp. 673 (E.D. Pa. 1991).

[18] *Borden v. MGM Ins. Co.*, 660 F. Supp. 3d 322 (E.D. Pa. 2017) (citing *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 373 (Pa. 2017)), *appeal dismissed*, *Borden v. 6 Ins. Co.*, No. 23-1622, 2023 WL 6446209 (3d Cir. July 13, 2023).

[19] *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *4 (E.D. Pa. June 8, 2016) (citing *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000)).

[20] *Nationstar Mortg. LLC v. Radian Guar., Inc.*, No. 18-03798, 2019 WL 1318541, *5 (E.D. Pa. Mar. 22, 2019) (quoting *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006)).

7

---

[21] *See, e.g., Clapps v. State Farm Ins. Co.*, 447 F. Supp. 3d 293, 300 (E.D. Pa. 2020) (dismissing claim where plaintiff only alleged only defendant "fail[ed] to complete a prompt and thorough investigation of Plaintiff's claim" and "fail[ed] to promptly provide a reasonable factual explanation of the basis for the denial of Plaintiff's claim" without any explanatory facts); *Soldrich v. State Farm Fire & Cas. Co.*, No. 15-1438, 2015 WL 7568442, at *3 (E.D. Pa. Nov. 25, 2015) (same); *Mozzo v. Progressive Ins. Co.*, No. 14-5752, 2015 WL 56740, at *3 (E.D. Pa. Jan. 5, 2015) (dismissing bad faith claim where plaintiff only alleged: (a) he complied with all relevant requests relating to the investigation of his insurance claim; (b) defendant arbitrarily and capriciously failed to honor its contractual obligations; (c) plaintiff incurred damages; and (d) defendant acted in bad faith in failing to honor the plaintiff's claim); *Blasetti v. Allstate Ins. Co.*, No. 11-6920, 2012 WL 177419, at *4 (E.D. Pa. Jan. 23, 2012) (dismissing claim where plaintiff pleaded "[d]efendant, despite demand for benefits under its policy of insurance has failed and refused to pay to Plaintiffs those benefits due and owing under said policy of insurance" and defendant "recklessly disregard[ed] its lack of reasonable basis when it denied Plaintiffs' claims.").

[22] *Leyman v. Econ. Fire & Cas. Co.*, No. 23-3458, 2023 WL 8188444, at *2 (E.D. Pa. Nov. 27, 2023)

[23] ECF No. 1-1 ¶ 27.

[24] *Id.* ¶ 30.

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009); Fed. R. Civ. P. 8.

[26] *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 137 (3d Cir. 2012).

[27] *Id.* at 134.

[28] *Id.*

[29] *Id.*

[30] *Id.* at 135.

[31] *Id.*

[32] *Id.* at 136.

[33] *Id.* at 134.

[34] *Id.* at 137.

[35] ECF No. 1-1 ¶ 17.

[36] *Id.* ¶¶ 13, 9.

[37] *Id.* ¶ 12.

[38] *Id.* ¶¶ 16–17.

8

[39] *See Smith,* 506 F. App'x at 137.

[40] *Yauger v. Mid-Century Ins. Co.*, No. 23-4075, 2024 WL 555883, at *4–5 (E.D. Pa. Feb. 12, 2024).

[41] *Id.* at *1.

[42] *Id.*

[43] *Id.* at *3.

[44] *Id.* at *2.

[45] *Id.*

[46] *Id.*

[47] *Id.* at *1.

[48] *Id.* at *3–4.

[49] *Id.* at *4.

[50] ECF No. 1-1 ¶ 14.

[51] *Id.* ¶ 17.

[52] ECF No. 1-1; *see Yauger*, 2024 WL 555883, at *4.

[53] *Sypeck v. State Farm Mut. Auto. Ins. Co.*, No. 12-324, 2012 WL 2239730 (M.D. Pa. June 15, 2012).

[54] *Id.* at *3.

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] *Id.*

[59] ECF No. 1-1 ¶ 14.

[60] *Id.* ¶ 17.

[61] *Id.* ¶¶ 15–16.

---

[62] *Mohanan v. Liberty Mut. Pers. Ins. Co.*, No. 22-2956, 2023 WL 8026106, at *7 (E.D. Pa. Nov. 20, 2023) (citing *Pasqualino v. State Farm Mut. Auto. Ins. Co.*, No. 15-77, 2015 WL 3444288, at *5 (E.D. Pa. May 28, 2015)) (emphasis in original).

[63] *See Leyman,* 2023 WL 8188444, at *2.

[64] ECF No. 7 ¶ 9.

[65] ECF No. 8 ¶ 9.